**LAW OFFICES OF GREGORY A. YATES**
Gregory A. Yates, Esq. SBN 63259
16830 Ventura Blvd #250
Encino, CA 91436
Phone: (310) 858-6944
Fax: (818) 905-7038

Attorneys for Plaintiff LEO PAPPAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO PAPPAS,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br>**DEMAND FOR JURY TRIAL**<br><br>1. Personal Injury Action Under the Federal Tort Claims Act<br>    (28 U.S.C. §1346(b)) |

Leo Pappas ("Plaintiff"), upon information and belief, alleges the following:

## INTRODUCTION

1. This is a case arising out of bodily injuries caused by a United States Postal Service Truck.

2. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act," and 39 U.S.C. §101 *et seq.*, commonly referred to as the "Postal Reorganization Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§1346(b)(1) and 2674 and 39 U.S.C. §409 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America working for the

United States Postal Service in North Hollywood, California, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

## JURISDICTION AND VENUE

3. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and plaintiffs have complied with all administrative prerequisites to the institution of suit by submitting an Administrative Claim on June 26, 2018. Over six months have elapsed and the agency has not made a final disposition of the claim. Accordingly, all claims are deemed denied and Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation. See 28 U.S.C. §2675.

4. This Court has jurisdiction of the instant action pursuant to 28 U.S.C. § 1331, in that this case arises under the Federal Tort Claims Act, and pursuant to 28 U.S.C. § 1346, and this Court has original jurisdiction over all claims against the United States of America and the United States Postal Service.

5. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on United States Attorney Nicola T. Hanna, United States Attorney for the Central District of California, by certified mail, return receipt requested at his office, United States Attorney, District of California, 300 North Los Angeles Street, STE 7516, Los Angeles, CA 90012, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, DC 20530, to the attention of the Civil Process Clerk.

6. Venue is proper in the Central District of California pursuant to 28

COMPLAINT
2

1  U.S.C. § 1402(b), in that plaintiff resided in this judicial district at all relevant times
2  and the accident that gives rise to this litigation occurred in this district.

## PARTIES

7.  At all relevant times, Plaintiff Leo Pappas was a U.S. citizen and resident of Los Angeles County, California.

8.  Defendant the United States of America is a body politic which for purposes of this litigation operates through its executive branch an agency of government known as the United States Postal Service, which is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. §201. The United States of America, Defendant herein, through its agency, the United States Postal Service, at all times material hereto, owned, operated and controlled the United States Postal Offices in North Hollywood, California and staffed said facilities and vehicles with its agents, servants, and/or employees. At all times material hereto, all persons involved in supervising and operating the United States Postal vehicle in question, including but not limited to Senovia Shirley Martingraham, were agents, servants, and/or employees of the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## FACTUAL ALLEGATIONS

9.  This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiff resulting from personal injuries suffered as a result of negligent operation of a United States Postal Service (USPS) vehicle.

10. On or about January 5, 2018, Senovia Shirley Martingraham, during the course and scope of her employment with the United States Postal Service (USPS). Negligently and carelessly drove and/or operated a United States Postal Service vehicle GM Gruman so as cause a collision with a 1985 Harley Davidson motorcycle being driven by claimant Leo Pappas on Colfax Avenue in the city of Los Angeles, California.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA
## NEGLIGENCE

11. Defendant Senovia Shirley Martingraham violated Vehicle Codes. VC §§ 22100(a), 22107, 22108, 22109, 21209(3). Accordingly, defendant was negligent per se and the failure to use due care is presumed.

12. As a proximate result of said acts and conduct by the Defendants, and each of them, Plaintiff was severely injured in his health, strength and activity, sustaining, among other injuries, severe shock and injury to his nervous systems, and various injuries to his person, all of which injuries have caused and will continue to cause Plaintiff great mental and physical pain and suffering.

13. As a further direct and proximate result of the acts and conduct of the defendants, and each of them, as herein above alleged, Plaintiff sustained the following damages:

(a) Plaintiff was compelled to and did incur liability for medical care, treatment, drugs, therapy and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that Plaintiff will necessarily, by reason of his injuries, require additional medical care and therapy, and incur incidental expenses. The full extent of all such expenses incurred, and to be incurred, is presently unknown to Plaintiff. Plaintiff will, however, seek leave of court to amend this complaint to allege said amount when the same are ascertained;

(b) As a result of the collision, Plaintiff sustained multiple severe injuries, including but not limited to physical and other associated injuries. Said injuries have caused and continue to cause Plaintiff to suffer tremendous pain, discomfort, mental anguish, suffering, humiliation, physical disfigurement, impairment and disability, and lost enjoyment of life;

(c) Plaintiff was prevented from attending to his usual occupations and activities and has sustained a loss of earnings thereby.

(d) Plaintiff has suffered an impairment of his earning capacity.

1  (e) Plaintiff received damage to and loss of use of his motorcycle.

2  11. As a proximate result of said acts and conduct by the defendants, and each of them, Plaintiff sustained the injuries and damages alleged herein above.

11. Plaintiff pleads for all damages available under California state law, federal law, and equity.

## PRAYER FOR RELIEF

Plaintiff requests that Defendant be cited in terms of law to appear and answer herein; that Plaintiff has judgment against Defendant, for the amount of actual damages, and all other damages under applicable federal and state law to which he is entitled; for post judgment interest at the applicable legal rate; for all recoverable Court costs incurred in this litigation; and for such other and further relief, to which Plaintiff may show himself to be entitled.

DATED: June 4, 2019

/s/
_____
GREGORY A. YATES, Attorney for Plaintiff LEO PAPPAS

COMPLAINT
5